**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **HOME DEPOT, U.S.A., INC.,**<br><br>        **Plaintiff,**<br><br>    v.<br><br>**CUSTOM DESIGN AND MANUFACTURING CO., INC. and QUAKERMAID CABINETS, INC.**<br><br>        **Defendants.** | Civil Action No. _____ |

## COMPLAINT

       Ronan P. Doherty
       Georgia Bar No. 224885
       doherty@bmelaw.com
       Michael R. Baumrind
       Georgia Bar No. 960296
       baumrind@bmelaw.com

       **BONDURANT, MIXSON
         & ELMORE, LLP**
       3900 One Atlantic Center
       1201 West Peachtree Street, N.E.
       Atlanta, Georgia 30309
       Tel. (404) 881-4100
       Fax (404) 881-4111

Plaintiff Home Depot U.S.A., Inc. ("Home Depot"), brings this action for damages against Defendants Custom Design and Manufacturing Co., Inc. and Quakermaid Cabinets, Inc. arising out of Defendants' breach of contract. As a condition of doing business with Home Depot, Defendants Custom Design and Quakermaid agreed to certain dispute resolution procedures. Defendants violated the parties' agreement on those procedures by filing an action in the Lackawanna County, Pennsylvania, Court of Common Pleas. Defendants' breach of contract has inflicted substantial damages on Home Depot, and Home Depot brings this action to recover those damages from Defendants.

## PARTIES

1. Plaintiff Home Depot, U.S.A. Inc. is a Delaware corporation with its principal place of business in Cobb County, Georgia.

2. Defendant Custom Design and Manufacturing Co., Inc. ("Custom Design") is a Pennsylvania corporation with a principal place of business at 40 Poplar Street, Scranton PA 18509.

3. Defendant Quakermaid Cabinets, Inc. ("Quakermaid") is a Pennsylvania Corporation with its principal place of business at 40 Poplar Street, Scranton PA 18509.

4. Defendants can be served at 40 Poplar Street, Scranton PA 18509.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity among the parties and the amount in controversy exceeds $75,000. More specifically, Defendants' breach of contract has already inflicted more than $75,000 in expense on Home Depot.

6. This Court has personal jurisdiction over Custom Design and Quakermaid and venue is proper in this Court because the governing contract contains a forum selection clause by which Defendants consented that "any civil action to decide such dispute shall be brought in either the US District Court for the Northern District of Georgia, Atlanta Division, or the Fulton Superior Business Court, Georgia."

## FACTUAL ALLEGATIONS

7. From 1996 through March 2009, Home Depot displayed and sold Custom Design and Quakermaid's products at some of its EXPO Design Centers.

8. Beginning in or about 2004, The Home Depot Supplier Buying Agreement ("SBA") governed Home Depot's business relationship with and purchases from its suppliers, including Custom Design and Quakermaid. Home Depot Supplier Buying Agreement is attached hereto as Exhibit A.

9. Custom Design and Quakemaid repeatedly acknowledged that the SBA governed their business relationship with Home Depot.

10. On November 6, 2006, for example, Paul Bocan on behalf of Custom Design and Quakermaid executed two USA Marketing Agreements, which each provide:

> Signing this Agreement is an acknowledgment that you understand Home Depot's program and will do business according to the terms outlined above. All purchases described in the Agreement are governed by either the current version of the Home Depot Supplier Buying Agreement which can be viewed at vendor.homedepot.com or by purchase agreements with the applicable Home Depot subsidiary or affiliate. Any changes to this Agreement must be approved by the Home Depot Legal Department.

2006 USA Marketing Agreement No. 101129, attached hereto as Exhibit B; 2006 USA Marketing Agreement No. 101133, attached hereto as Exhibit C.

11. Similarly, on or about January 9, 2008, Michael J. Cosmo on behalf of Custom Design and Quakermaid executed a USA Marketing Agreement that also incorporated the SBA's terms and conditions:

> Signing this Agreement is an acknowledgment that you understand Home Depot's program and will do business according to the terms outlined above. All purchases described in the Agreement are governed by either the current version of the Home Depot Supplier Buying Agreement which can be viewed at [Home Depot's website] or by purchase agreements with the applicable Home Depot subsidiary or affiliate. Any changes to this Agreement must be approved by the Home Depot Legal Department.

2008 USA Marketing Agreement No. 106214, attached hereto as Exhibit D.

12. The SBA provides that that "any civil action to decide [any dispute arising out of, relating to, or concerning the Terms and Conditions of the agreement or any purchase order] ***shall be brought in either the US District Court for the Northern District of Georgia, Atlanta Division, or the Superior Court of Cobb County, Georgia***." Ex. A at 13-14, §§ 14.6(a) and (c) (emphasis added).

13. The SBA governing the terms and conditions of the parties' business relationship also provides that the Defendants must "bring any claim or dispute against The Home Depot (including payment disputes) ***within one year after the occurrence of the event giving rise to such dispute***." *Id.* at 14 § 14.6(d) (emphasis added).

14. The SBA includes a merger clause:

> These Terms and Conditions, together with the Supplier Reference Manual, all Forms, and any applicable exhibits represent the entire and integrated Agreement between the parties hereto and super[s]ede all prior negotiations, representations or agreements, written or oral. No changes or modifications to the Terms and Conditions are permitted unless made in writing as an addendum hereto and signed by both parties.

*Id.* at 14 § 14.9.

15.     To the extent, therefore, that Defendants had negotiated different terms for their business with Home Depot before 2006, they agreed by no later than November 6, 2006 that the SBA's terms would supersede those terms.

16.     In or about March 2009, Home Depot closed all its EXPO Design Centers.

17.     Nearly four years later, in February 2013, Custom Design and Quakermaid filed a writ of summons in the Lackawanna County, Pennsylvania, Court of Common Pleas, naming Home Depot U.S.A., Inc. as a defendant (the "Pennsylvania Action").

18.     Custom Design and Quakermaid waited until April 2017 to file a Complaint in the Pennsylvania Action (the "Pennsylvania Complaint").  A true and correct copy of the Complaint in the Pennsylvania Action is attached hereto as Exhibit E.

19.     In the Pennsylvania Complaint, Defendants alleged that Home Depot failed to return their displays upon the closure of the EXPO Design Centers in 2009.  Defendants alleged that Home Depot's alleged failure to return the displays constitutes a breach of the parties' (unspecified) agreements, unjust enrichment, promissory estoppel, replevin, and conversion.

20. Defendants' claims in the Pennsylvania Action arose out of, relate to, or concern the terms and conditions of the SBA or a purchase order governed by the SBA.

21. On or about July 28, 2017, Home Depot notified counsel for Defendants that, by bringing the Pennsylvania Action, Defendants violated the forum-selection clause and time-limitation provision of the SBA.

22. On or about July 28, 2017, pursuant to a mediation provision of the SBA, Ex. A at 13 § 14.6(a), Home Depot demanded mediation regarding these disputes.

23. The parties engaged in mediation but were unable to resolve these disputes.

24. Home Depot has accrued over $75,000 in attorney's fees and expense defending the Pennsylvania Action.

25. By filing the Pennsylvania action in violation of the SBA's one-year statute of limitations, Defendants have directly and proximately caused Home Depot's injury.

26. Moreover, a significant portion of the attorney's fees Home Depot has accrued to date relate to unique issues of Pennsylvania procedure. By filing the

Pennsylvania action in Pennsylvania, therefore, Defendants have directly and proximately caused Home Depot's injury.

27. Home Depot continues to accrue fees and expenses defending the Pennsylvania Action as a direct and proximate result of Defendants' breaches of the SBA.

## COUNT ONE
## BREACH OF CONTRACT — FORUM SELECTION CLAUSE

28. Home Depot incorporates paragraphs 1-27 by reference as if fully repeated herein.

29. Section 14.6(c) of the SBA requires that the parties bring any civil action to decide any claim or dispute arising out of, relating to, or concerning the Terms and Conditions of the SBA or any purchase order in either this Court or the Superior Court of Cobb County, Georgia.

30. Custom Design and Quakermaid breached Section 14.6(c) of the SBA by filing the Pennsylvania Action in the Lackawanna County Court of Common Pleas instead of one of the two contractually agreed-upon forums.

31. As a direct result of Defendants' breach of the forum-selection clause, Home Depot has incurred fees and expenses related to defending the Pennsylvania Action and in particular, related to unique issues of Pennsylvania procedure.

## COUNT TWO
## BREACH OF CONTRACT — TIME LIMITATION PROVISION

32. Home Depot incorporates paragraphs 1-27 by reference as if fully repeated herein.

33. Section 14.6(d) of the SBA required that the Defendants "bring any claim or dispute against The Home Depot (including payment disputes) within one year after the occurrence of the event giving rise to such dispute." Ex. A at 14 § 14.6(d).

34. Custom Design and Quakermaid breached Section 14.6(d) of the SBA by filing the Pennsylvania Action more than one year after Home Depot allegedly failed to return the displays upon the closure of the EXPO Design Centers in March 2009.

35. As a direct result of Defendants' breach of the time limitation provision in the agreement, Home Depot has incurred fees and expenses related to defending the Pennsylvania Action.

## PRAYER FOR RELIEF

WHEREFORE, Home Depot respectfully prays that this Court grant relief in its favor and against Defendants as follows:

(a) Award Home Depot actual and compensatory damages;

(b) Award Home Depot its expenses of litigation, including reasonable attorneys' fees and costs of investigation;

(c) Award Home Depot pre-judgment and post-judgment interest; and

(d) Grant Home Depot any other and further legal relief as may be just and proper.

This 17th day of November, 2017.

Respectfully submitted

*s/ Michael R. Baumrind*
Ronan P. Doherty
Georgia Bar No. 224885
Michael R. Baumrind
Georgia Bar No. 960296

BONDURANT, MIXSON & ELMORE, LLP
1201 W. Peachtree Street, N.E.
3900 One Atlantic Center
Atlanta, Georgia 30309
(404) 881-4100 (telephone)
(404) 881-4111 (facsimile)

1626888.1